SMITH, Acting Chief Judge.
A juvenile appeals from a conviction for uttering a forged instrument, Section 831.-02, Florida Statutes (1977). It is contended in his behalf that there was no evidence, direct or circumstantial, that he knew the check he presented for cash was forged. We find, on the contrary, that the circumstantial evidence of appellant’s guilty knowledge was sufficient to withstand his motion for judgment of acquittal. Viewing the evidence in a light most favorable to the state, it appears that appellant presented a Coastal Hay Company payroll check, payable to Sammy Helms, at the Wagon Wheel Lounge. The check was forged and Sammy Helms was, for all purposes here, fictitious. The check bore the purported endorsement of “Sammy Helms” when appellant presented it; and appellant’s presentation of and statements concerning the check intimated to the recipient that he, appellant, was the payee, an employee of the maker, and that the endorsement was his own. If the jury could find that appellant’s presentation and statements concerning the check were calculated to intimate false assurances, the jury could properly have found that 'appellant had guilty knowledge that the check was a forgery. We need not consider whether “mere possession” of the forged instrument gave rise to an inference of guilty knowledge sufficient for the jury. It may well be doubted that there are or can be well-tried prosecutions of guilty defendants in which “mere possession” is all that is shown; but it is sufficient for present purposes that this is not such a case.
There was no error in the order for restitution prior to release of appellant by the Division of Youth Services. Section 39.-ll(2)(f), Florida Statutes (1977).
AFFIRMED.
ERVIN and BOOTH, JJ., concur.